08-1834-cr
United States v. Grandt (Shim)

**UNITED STATES COURT OF APPEALS**
Fᴏʀ ᴛʜᴇ Sᴇᴄᴏɴᴅ Cɪʀᴄᴜɪᴛ

_____

August Term, 2009

(Argued: April 30, 2009)                    Decided: October 1, 2009)

Docket No.  08-1834-cr

_____

Uɴɪᴛᴇᴅ Sᴛᴀᴛᴇs ᴏꜰ Aᴍᴇʀɪᴄᴀ,

*Appellee,*

— v .—

Jᴀᴇ Sʜɪᴍ,  Hʏᴀɴɢ Rᴀɴ Kɪᴍ,

*Defendants-Appellants.*

_____

Before:       B.D. Pᴀʀᴋᴇʀ, Wᴇsʟᴇʏ, *Circuit Judges*, Mᴜʀᴛʜᴀ, *District Judge*.

_____

Appellant Jae Shim appeals from a judgment of conviction of the United States District Court for the Southern District of New York (Hellerstein, *J.*), on the charge of conspiring to transport women in interstate and foreign commerce for the purpose of prostitution in violation of § 2421 of the Mann Act.  We hold that the district court erred in failing to instruct the jury that Shim had to know that the women were transported in interstate commerce to be guilty of the offense, and accordingly we reverse her conviction.

Reversed.

_____

1

SUSAN C. WOLFE, Hoffman & Pollok, LLP, New York, New York (for Defendant-Appellant Shim).

DOUGLAS T. BURNS, Westbury, New York (for Defendant-Appellant Kim).

ELIE HONIG, Assistant United States Attorney (Andrew L. Fish, Assistant United States Attorney, on the brief) *for* Lev L. Dassin, Acting United States Attorney for the Southern District of New York, New York, New York (for Appellee).

_____

PER CURIAM:

Appellant Jae Shim[1] appeals from her judgment of conviction, entered in the United States District Court for the Southern District of New York (Hellerstein, *J.*). Shim was convicted of conspiring to transport women in interstate and foreign commerce for the purpose of prostitution in violation of 18 U.S.C. § 2421 of the Mann Act. Because we conclude that the district court erred in failing to instruct the jury that, as an essential element of the offense, Shim had to know the women were transported in interstate commerce, we reverse her conviction.

**BACKGROUND**

This case raises a straightforward question of statutory interpretation, which we review *de novo*. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 264 (2d Cir. 2008). The relevant provision of the Mann Act, 18 U.S.C. § 2421, punishes "[w]hoever knowingly transports any individual in interstate . . . commerce . . . with intent that such individual engage in prostitution . . . ." Shim argues that the district court erred in refusing her request to instruct the jury that it had to find not

_____

[1]We resolve the appeal of Shim's co-defendant, Hyang Ran Kim, in a separate summary order filed today.

2

simply that she conspired to knowingly transport individuals with the intent that they engage in prostitution, but also that she knew they were transported in interstate commerce for that purpose. We agree.

A recent Supreme Court decision, *Flores-Figueroa v. United States*, 129 S. Ct. 1886 (2009), guides our analysis. In *Flores-Figueroa*, the Court considered 18 U.S.C. § 1028A(a)(1), which makes it a crime to "knowingly transfer[], possess[], or use[], without lawful authority, a means of identification of another person [during and in relation to certain enumerated felonies]." *Id.* at 1889. The Government argued that "knowingly" did not modify "another person." The Court disagreed, holding that "the statute requires the Government to show that the defendant *knew* that the 'means of identification' he or she unlawfully transferred, possessed, or used, in fact, belonged to 'another person.'" *Id.* at 1888.

The Court reasoned that, "[i]n ordinary English, where a transitive verb has an object, listeners in most contexts assume that an adverb (such as knowingly) that modifies the transitive verb tells the listener how the subject performed the entire action, including the object as set forth in the sentence." *Id.* at 1890. To illustrate, the Court explained,

> if a child knowingly takes a toy that belongs to his sibling, we assume that the child not only knows that he is taking something, but that he also knows that what he is taking is a toy *and* that the toy belongs to his sibling. If we say that someone knowingly ate a sandwich with cheese, we normally assume that the person knew both that he was eating a sandwich and that it contained cheese.

*Id.*

Applying this analysis, we have little difficulty concluding that if we were to say that a person knowingly transported women in interstate commerce, one would normally assume she knew both that she was transporting the women *and* that she was transporting them in interstate commerce. Accordingly, we hold that "knowingly" qualifies "interstate commerce"; the

3

Government was obligated to prove that element beyond a reasonable doubt, and the court was obligated to charge the jury to that effect.

This interpretation is consistent with the surrounding text. Section 2421 requires that the defendant both "knowingly transport[] [an] individual in interstate or foreign commerce" and that the defendant have the "intent that such individual engage in prostitution." One could not unknowingly transport an individual while simultaneously intending that the individual engage in prostitution; if, as the Government argues, "knowingly" modifies only the word "transport," rather than "interstate commerce," then "knowingly" is superfluous. We are not inclined to accept an interpretation of the statute that would nullify one of its key terms. *See County of Nassau v. Leavitt*, 524 F.3d 408, 416 (2d Cir. 2008) ("We are obliged . . . to give effect, if possible, to every clause and word of a statute, and to render none superfluous.") (internal quotation marks omitted).

In *Flores-Figueroa*, the Court recognized that some statutes may have "special contexts or themselves provide a more detailed explanation of background circumstances that call for [a different] reading." *Flores-Figueroa*, 129 S. Ct. at 1891. In a concurring opinion, Justice Alito expanded on this principle and recognized that although "it is fair to begin with a general presumption that the specified *mens rea* applies to all the elements of an offense, . . . there are instances in which context may well rebut that presumption." *Id.* at 1895 (Alito, *J.*, concurring).

No special context compels a different conclusion in the case of § 2421. We emphasize, however, that our holding is confined to the statutory provision at hand.[2] Courts, when

---

[2] For example, in *United States v. Griffith*, 284 F.3d 338, 349-51 (2d Cir. 2002), which the Government relies on heavily, we held that a different section of the Mann Act, 18 U.S.C. § 2423(a), which criminalizes "knowingly transport[ing] an individual who has not

4

determining the scope of the *mens rea* element of other statutes, must – as guided by *Flores-Figueroa* – independently analyze the text and context of the statute as well as the circumstances of the offense.

## CONCLUSION

For the foregoing reasons, Shim's judgment of conviction is reversed.

---

attained the age of 18 years in interstate commerce," does not require proof that the defendant knew the person was under 18 years old. Justice Alito specifically cited § 2423(a) as an example of a statute that may not be compatible with the presumption that the *mens rea* requirement applies to all elements of the offense. *See Flores-Figueroa*, 129 S. Ct. at 1896 (Alito, *J.*, concurring) (citing *Griffith*, 284 F.3d at 350-51).